**Mauro Adrian BAILON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75304.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel E. Chavez, Esq., Law Offices of Daniel E. Chavez, Petaluma, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Robbin K. Blaya, Esq., U.S. Department of Justice, Washington, DC, Alfred B. Jernigan, U.S. Attorney's Office, Jackson, MS, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM**

Mauro Adrian Bailon, a native and citizen of Peru, petitions for review of the

---

** This disposition is not appropriate for publi-    cation and may not be cited to or by the

Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Thomas v. Gonzales*, 409 F.3d 1177, 1182 (9th Cir.2005) (en banc), we grant the petition for review, and remand for further proceedings.

■ Bailon testified that his life was threatened on several occasions by Shining Path guerillas. While there may have been other motives for these threats, one was that he was "not in agreement with their movement," and was considered a "traitor" to the guerillas. The words used by Bailon's persecutors constitute evidence of their motives, and are sufficient to establish the requisite nexus between the threats and a political opinion the guerillas imputed to Bailon. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1077 (9th Cir.2004) (words used by persecutors during alleged abuse amply establish connection between acts of persecution and protected ground).

■ Moreover, the cumulative effect of the threats to Bailon's life, threats to his family if his whereabouts were not disclosed, and resulting attempts to murder his brother for failing to disclose his location, compels a finding of past persecution. *See, e.g., Salazar–Paucar v. INS*, 281 F.3d 1069, 1074–75 (9th Cir.2002) (finding persecution where Shining Path guerillas threatened applicant's life, attacked his family, and assassinated similarly situated persons); *Gonzales–Neyra v. INS*, 122 F.3d 1293, 1295–96 (9th Cir.1997) (finding persecution where Shining Path guerillas threatened applicant's life and his family members if they did not disclose his whereabouts).

■ Because Bailon demonstrated past persecution, the burden is on the government to show by a preponderance of the evidence that country conditions have changed to such an extent that he no longer has a well-founded fear of persecution. *See Salazar–Paucar*, 281 F.3d at 1076; 8 C.F.R. § 208.13(b)(1). Here, the agency has already considered whether the current conditions in Peru still pose a threat to Bailon. After reviewing the documentary evidence in the record, the IJ concluded that the Shining Path guerillas were no longer operating frequently (if at all) in Peru. This conclusion is not supported by substantial evidence. The State Department Reports in the record confirm that the Shining Path is still responsible for killings, human rights abuses and other acts of violence in Peru. In fact, near the time of the agency's decision, the Shining Path's reach, though diminished, still extended throughout Peru. *See Cardenas v. INS*, 294 F.3d 1062, 1067 (9th Cir.2002) (finding that persecution by the Shining Path in Peru was still country wide).

■ Accordingly, we conclude that Bailon is eligible for asylum. Because the decision to grant asylum is discretionary, however, we remand for a determination of whether Bailon should be granted asylum. *See Baballah*, 367 F.3d at 1079.

■ A presumption also arises that Bailon is entitled to withholding of removal. *See Salazar–Paucar*, 281 F.3d at 1076. Because of her finding on the asylum claim, the IJ did not consider Bailon's withholding claim. We therefore remand Bailon's withholding claim to the agency so that it may consider whether the government has rebutted the presumption with respect to this claim. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1053 (9th Cir. 2005).

courts of this circuit except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANT-ED; REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.